STATE OF WEST VIRGINIA

**FILED**

**November 1, 2013**

**RORY L. PERRY II, CLERK**

**SUPREME COURT OF APPEALS**

**OF WEST VIRGINIA**

**JACK LEE BISHOP,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1734** (BOR Appeal No. 2046048)
                        (Claim No. 2011033117)

**WEST VIRGINIA MINE POWER, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Jack Lee Bishop, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Mine Power, Inc., by Steven Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 22, 2011, in which the Board reversed a June 10, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 1, 2011, decision and held the claim compensable for a cervical and thoracic strain. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bishop was working for West Virginia Mine Power when he fell out of a mantrip and injured his neck and back on January 26, 2011. On March 1, 2011, the claims administrator rejected the claim for workers' compensation benefits. The Office of Judges reversed the claims

1

administrator's decision, and held the claim compensable for a cervical strain and thoracic strain on June 10, 2011.

The Board of Review reversed the Office of Judges' Order, and reinstated the claims administrator's decision of March 1, 2011, rejecting the claim for workers' compensation benefits. On appeal, Mr. Bishop argues that the Board of Review was wrong to reverse the Office of Judges' Order, as the evidence clearly establishes that he was injured while performing his duties in the course of his employment. West Virginia Mine Power maintains that the evidence does not establish that there was an occupational injury, but rather that Mr. Bishop had been disciplined several times and was in jeopardy of being terminated.

The Board of Review noted the mine safety specialist's professional opinion that there was no way the incident could have occurred as reported because there were no objects that would cause Mr. Bishop to have been dragged or pulled off the mantrip, as he alleged. The Board of Review found that there are too many discrepancies in the evidentiary record to support the credibility of Mr. Bishop's application for workers' compensation benefits, and further, the compensability of the claim. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 1, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Robin J. Davis
Justice Margaret L. Workman